1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,

11          Plaintiff,                        No. CR 08-0726 WHA

12     v.

13   RUBEN BELTRAN-HERNANDEZ,               **ORDER DENYING MOTION**
                                            **TO DISMISS**
14          Defendant.

15   ─────────────────────────────/

16                          **INTRODUCTION**

17          Defendant is charged in a two-count indictment with child pornography-related offenses.

18   He moves to dismiss the indictment, arguing that the government should be required to make a

19   factual showing on the jurisdictional elements of the statutory offenses before trial and has

20   failed to do so.  For the reasons stated below, defendant's motion to dismiss the indictment is

21   **DENIED**.

22                           **STATEMENT**

23          On October 16, 2009, a grand jury indicted defendant Ruben Beltran-Hernandez with

24   two counts of violations of a federal statute proscribing "activities relating to material involving

25   the sexual exploitation of minors."  18 U.S.C. 2252(a).  Count One alleges a violation of

26   Subsection 2252(a)(2), which *inter alia* covers "[a]ny person who . . . *knowingly receives, or*

27   *distributes*, any visual depiction" that satisfies certain criteria.  Count Two alleges a violation of

28   Subsection 2252(a)(4)(B), which covers "[a]ny person who . . . *knowingly possesses* 1 or more .

     . . visual depiction[s]" satisfying similar criteria.  Defendant is charged with (1) knowingly

**United States District Court**
For the Northern District of California

distributing at least one such visual depiction, and (2) knowingly possessing a computer containing at least one such depiction.

Defendant now moves to dismiss the indictment pursuant to Rule 12(b)(3), claiming a defect in instituting the prosecution. The motion focuses on the statute's jurisdictional element, *i.e.*, the element tying the prohibited conduct to the federal Commerce Clause power. Defendant argues that the government should be required to make a factual showing to satisfy that element before he may be hauled before a jury. The statute was amended on October 8, 2008, to expand its jurisdictional language. The conduct at issue in this case, according to the indictment, occurred on or about December 4, 2007, and September 25, 2008. The pertinent version of the statute, both sides thus agree, was the one in force prior to the October 8 amendment.

The two statutory provisions at issue (prior to revision) contained essentially the same jurisdictional requirements. Subsection 2252(a)(2) created criminal penalties for "[a]ny person who":

> knowingly receives, or distributes, any visual depiction that has been mailed, or *has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported,* by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if--
>
> [two further elements are met].

18 U.S.C. 2252(a)(2). Subsection 2252(a)(4)(B), which governed "knowingly possess[ing]" the same prohibited material, utilized jurisdictional language which was indistinguishable for the purposes of this motion.[1]

## ANALYSIS

Defendant contends that the government should be required to present facts satisfying the jurisdictional requirements of Section 2252(a)(2) and (a)(4)(B) before the case is permitted

---

[1] The October 8 amendment expanded the reach of the jurisdictional element. Thereafter, the statute required (and still requires) that "using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in *or affecting* interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer." 18 U.S.C. 2252(a)(2). The addition of the phrases "in *or affecting*" expands the statute's reach.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

to proceed to trial.  Defendant contends that, absent a "showing" that the visual depictions at issue were in fact "shipped or transported in interstate or foreign commerce" or that they contained "materials . . . so shipped," the government lacks jurisdiction to bring defendant to trial.  Defendant has not specifically requested an evidentiary hearing, but such a request seems implicit in his argument.[2]

Rule 12(b)(2) provides that (emphasis added) "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine *without a trial of the general issue*."  Rule 12(b)(4), in turn, both permits factual hearings prior to trial "if necessary to resolve issues of fact peculiar to the motion" and also permits the Court to defer a pre-trial motion until trial where "it finds good cause to defer a ruling."  The question is whether defendant's claim, which is not a purely legal issue but rather one that requires consideration of facts, is one that can be determined without trial of the "general issue" and thus may be resolved via pre-trial motion, or rather must await the presentation of evidence at trial.  If the latter, the proper avenue for the claim would be Rule 29, which allows motions for judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction" after the government closes its evidence but before submission of the matter to the jury.

The Ninth Circuit has explained that "a [Rule 12(b)] motion to dismiss is generally 'capable of determination' before trial 'if it involves questions of law rather than fact' . . . . Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not 'invade the province of the ultimate finder of fact.'"  *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citations omitted).  *Nukida* further explained:

---

[2] Thus, defendant does *not* claim that the statute violates the Commerce Clause on its face nor as applied to him — at least, this order does not understand defendant to be raising such a claim.  He cites several decisions regarding the Commerce Clause but, as stated, his precise argument is that "[u]nless the government can *show* that defendant received or sent forbidden images across state lines, then, it had no constitutional power to hale him into court for a jury trial," and similarly, that "the government must *show* that the images were transmitted 'in interstate commerce,'" not just that they were transmitted "over the internet" (Br. at 3, 5).  The government intends to make precisely such a "showing" at trial (*see* Opp. at 7).  The government, moreover, has *alleged* precisely such facts in the indictment, and this order does not understand defendant to argue that the allegations therein are somehow insufficient.  *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107–08 (2007); *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (discussing pleading requirements).

United States District Court

For the Northern District of California

1  
2  
3  
4  
5  

> a motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense. Under this standard, the district court must decide the issue . . . if it is *entirely segregable from the evidence to be presented at trial*. If the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred.

6   *Ibid*. The decision explained that "[g]enerally, Rule 12(b) motions are appropriate to consider

7   'such matters as former jeopardy, former conviction, former acquittal, statute of limitations,

8   immunity, [and] lack of jurisdiction.'" *Ibid*. (citation omitted).

9       *Nukida*, like defendant's motion, involved a claim that the government lacked subject-

10  matter jurisdiction because the government had yet to (and would be unable to) satisfy the

11  jurisdictional language of the charged statute. The statutory offense there at issue required

12  proof of tampering with consumer products affecting commerce. 18 U.S.C. 1365(a). The

13  decision explained that the jurisdictional element could be satisfied by proof that the

14  medications at issue were "in commerce" when the tampering occurred or that the tampering

15  had an "actual economic impact on interstate commerce." *Nukida*, 8 F.3d at 670–71. It ruled

16  that the question was one of fact intertwined with the "general issue," to be determined by the

17  jury, and thus not amenable to resolution on a pre-trial motion to dismiss. *Id*. at 670–72.

18      Here, like in *Nukida*, the facts involved in defendant's motion are bound up with the

19  "general issue." The statutory offense contains a jurisdictional element: it requires proof that

20  the visual depictions at issue "ha[ve] been shipped or transported *in interstate or foreign*

21  *commerce*, or which contain[] materials which have been mailed or so shipped or transported."

22  18 U.S.C. 2252(a)(2). As stated, the indictment similarly *alleges* that defendant knowingly

23  distributed at least one offending visual depiction "that had been shipped and transported *in*

24  *interstate commerce*," and that he knowingly possessed a computer containing at least one such

25  depiction "that had been shipped and transported *in interstate commerce*." In its briefing, the

26  government explains that its evidence will include "out of state production of the sexually

27  explicit depictions possessed and distributed by defendant which *necessarily* came from out of

28

4

United States District Court

For the Northern District of California

1   state at some point" (Opp. at 6–7; emphasis in original).  As in *Nukida*, these jurisdictional facts

2   are part of the "general issue" of guilt or innocence committed to the trier of fact.

3            Defendant attempts to distinguish *Nukida*.  Defendant argues that, unlike the statute at

4   issue in *Nukida*, the jurisdictional elements of the Section 2252(a) offenses are not conceptually

5   intertwined with proof of the remaining criminal elements.  Therefore, defendant contends, the

6   jurisdictional facts here at issue are not intertwined with the "general issue" and therefore can

7   be severed from the remaining elements of the crime and found by the Court before trial.

8            This order is unpersuaded.  Section 2252(a)'s jurisdictional elements are unlike, for

9   example, facts going to a statute of limitations or a double jeopardy defense, matters which are

10  unrelated to the statutory offense charged.  As stated, *Nukida* instructs that the "material

11  elements" of the crime are part of the general issue of guilt or innocence and therefore must

12  await proof at trial.  The jurisdictional facts in this case are a material element of the offense

13  which must be proven to a jury in order to convict.  The jurisdictional facts are thus bound up

14  with the "general issue" of guilt or innocence.

15           Defendant also urges a narrow interpretation of Section 2252(a)'s jurisdictional

16  requirement — that the depictions at issue "ha[ve] been shipped or transported *in interstate or

17  foreign commerce*."  At the hearing defendant argued that this language actually required that

18  the depictions at issue were shipped *immediately* or *directly* to defendant via interstate

19  commerce.  Under defendant's view it would be insufficient, for example, if the images had

20  been transported to a different location within the state via interstate commerce and thereafter

21  were forwarded or shipped to him within the state.  The statutory language, however, imposes

22  no such limitation.  It requires only that the depiction at issue "has been" shipped or transported

23  in interstate commerce.

24           Defendant relies on *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007), and

25  *United States v. McCoy*, 323 F.3d 1114 (9th Cir. 2003).  Neither decision supports defendant's

26  proposition.  *Schaefer* held, in a *post-trial* appeal, that the government had failed to present

27  sufficient evidence at trial to satisfy Section 2252(a)(2)'s jurisdictional element because the

28  evidence showed only that the defendant had used the internet.  Such evidence, the Tenth

United States District Court

For the Northern District of California

1   Circuit ruled, did not alone establish interstate shipment or transportation of the depictions.  As

2   stated, here the government intends to prove that the images were produced out of state and

3   necessarily traveled across state lines "in interstate commerce."

4       In *McCoy*, the defendant entered a conditional plea of guilty under Section

5   2252(a)(4)(B) and subsequently, on appeal to the Ninth Circuit, mounted a successful challenge

6   to the constitutionality of the provision's jurisdictional element as applied to him.  It held that

7   the statute was unconstitutional as applied to "simple intrastate possession of a visual depiction

8   (or depictions) that has not been mailed, shipped, or transported interstate . . . ."  *McCoy*, 323

9   F.3d at 1115.  The parties debate whether, or to what extent, the decision's Commerce Clause

10  holding was overruled by *Gonzales v. Raich*, 545 U.S. 1 (2005), and *United States v. McCalla*,

11  545 F.3d 750 (9th Cir. 2008).  As explained, however, defendant does not challenge the

12  constitutionality of Section 2252(a), and the government intends to prove that the depictions

13  *have* been transported across state lines.

14      Finally, defendant contends that "a jury trial of the general issue under § 2252(a) may

15  end up by trenching on the First Amendment rights of the defendant" and that "courts should

16  factor into their discretionary decision making a special concern for the protection of free

17  speech" (*see* Opp. at 20–21).  This order does not understand defendant to be raising a First

18  Amendment claim, but rather to suggest that a concern for First Amendment rights should

19  weigh in favor of "bifurcating" the proceedings insofar as the decision to do so is a

20  discretionary one.  Defendant has failed to establish, however, that it is within courts' discretion

21  to "bifurcate" a material element of a criminal offense, take it from the jury's hands and decide

22  it before trial.  This order declines to do so.

## CONCLUSION

23

24      For all of the reasons stated above, defendant's motion to dismiss is **DENIED**.

25

26      **IT IS SO ORDERED.**

27  Dated:  April 3, 2009.

_____

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE

28